# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Digi International, Inc.,                                                Civil No. 04-1560 (DWF/JSM)
a Delaware corporation authorized
to do business in Minnesota,

        Plaintiff,

v.                                                                         **MEMORANDUM**
                                                                              **OPINION AND ORDER**
Lantronix, Inc.,
a Delaware corporation,

        Defendant,

and

Lantronix, Inc.,
a Delaware corporation,

       Counter Claimant,

v.

Digi International, Inc.,
a Delaware corporation authorized
to do business in Minnesota,

       Counter Defendant.

_____

Cortney G. Sylvester, Esq., David T. Schultz, Esq., and Stephen K. Warch, Esq., Halleland Lewis Nilan Sipkins & Johnson PA, counsel for Plaintiff and Counter Defendant.

Jan P. Weir, Esq., Jennifer A. Trusso, Esq., Kevin W. Kirsch, Esq., Peter N. Villar, Esq., and Steven M. Hanle, Esq., Stradling Yocca Carlson & Rauth; Jeffrey J. Bouslog, Esq., and Andrew S. Hansen, Esq., Oppenheimer Wolff & Donnelly, LLP, counsel for Defendant and Counter Claimant.

_____

**Introduction**

The above-entitled matter came before the undersigned United States District Judge on May 20, 2005, pursuant to two Motions for Summary Judgment brought by Defendant Lantronix, Inc. ("Lantronix").[1]  In its Complaint, Plaintiff Digi International, Inc. ("Digi") alleges that Lantronix infringed upon Digi's U.S. Patent No. 6,446,192 (the "'192 Patent").  Here, Lantronix's Motions for Summary Judgment assert that Claims 1-4 and 6-11 of the '192 Patent are invalid in light of prior art.  For the reasons set forth below, Lantronix's motions are denied.

**Background**

The '192 Patent was filed on June 4, 1999, and relates to the field of device networking. Generally speaking, the '192 Patent is directed to the remote monitoring and control of devices over the Internet.  According to the Summary of the '192 Patent, the invention "enables virtually any device to be economically networked so that it may be remotely monitored and controlled."  ('192, c. 2, ll: 62-64.)

The '192 Patent includes one independent claim and ten dependent claims.  Claim 1, the only independent claim, reads:

---

[1]  Prior to May 16, 2005, Local Rule 7.1(c) provided that "[n]o party shall file a memorandum of law exceeding 35 pages except by permission of the Court."  Local Rule 7.1(c) further provided that "[i]f a reply memorandum of law is filed, the cumulative total of the original memorandum and the reply memorandum shall not exceed 35 pages, except by permission of the Court."  Here, Lantronix filed two separate motions, each fully utilizing the 35-page limit. Although the Court recognizes the sometimes complex nature of patent cases, the Court does not find that Lantronix's somewhat duplicative motions warranted such excessive briefing.

> A single self-contained and autonomous module for directly interfacing device control circuitry of a device to a client machine via a computer network, wherein the chip comprises:
>
>> a device interface comprising circuit blocks for communicating digital information between the integrated circuit and the device control circuitry;
>>
>> a network interface comprising circuit blocks for communicating digital information between the integrated circuit and the computer network; and
>>
>> a non-volatile configuration memory for storing configuration data wherein the internal memory comprises instructions for implementing an API with the device;
>>
>> wherein the device interface, network interface, and memory are interconnected and perform operations for: implementing internet protocol functionality on the network;
>>
>>> translating information between network protocol formats and a format of the device;
>>>
>>> transferring information between the network and the device control circuitry; and
>>>
>>> sending customized software to the client machine over the network, wherein the software is executable on the client machine, and wherein the software enables the client machine to generate device control signals and to receive device status information.

(*Id.* at c. 18, ll: 41-67.)

The "Background Art" section of the '192 Patent references U.S. Patent No. 5,790,977 to Ezekiel (the "'977 Patent"), a technique that provides access to an instrument over a computer network by a remote host system. (*Id.* at c. 1, ll: 30-32.) The "Objects and Advantages" section of the '192 Patent states that the '192 Patent attempts to reduce the complexity and size of the remote monitoring

3

system, to simplify the maintenance of the system, to minimize the points of failure, and to provide an inexpensive, generic, and versatile apparatus that allows any device to be networked without customized software.  (*Id.* at c. 2, ll: 21-38.)

Lantronix filed its Motions for Summary Judgment on April 5, 2005, asserting that the '192 Patent is invalid because it was anticipated by two pieces of prior art that were not considered by the Patent Office during the prosecution of the '192 Patent:  namely, Hewlett Packard Company's U.S. Patent No. 6,139,177 (the "'177 Patent"), filed on April 25, 1997; and Canon Information Systems, Inc.'s European Patent Application EP0843268A2 (the "Canon EPA"), filed on September 25, 1997.  First, Lantronix asserts that the '192 Patent is invalid pursuant to 35 U.S.C. § 102(e) because it is anticipated by the '177 Patent.  Second, Lantronix asserts that the '192 Patent is invalid pursuant to 35 U.S.C. § 102(b) because it is anticipated by the Canon EPA.

In response, Digi asserts that Lantronix's motions are premature absent claim construction of the '192 Patent.  In addition, Digi contends that even if the Court were to engage in such claim construction at this time, the '192 Patent is not anticipated by the '177 Patent or the Canon EPA.

**Discussion**

**I.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not

as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**II.     Anticipation**

A patent is presumed valid. 35 U.S.C. § 292. A party challenging a patent's invalidity must demonstrate by clear and convincing evidence that the patent is invalid. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001). Lantronix asserts its claims of invalidity and anticipation pursuant to 35 U.S.C. §§ 102(b) and (e). "Anticipation under 35 U.S.C. § 102 requires the disclosure in a single piece of prior art of each and every limitation of a claimed invention." *Rockwell Int'l Corp. v. U.S.,* 147 F.3d 1358, 1363 (Fed. Cir. 1998) (citing *Electro Med Sys. S.A. v. Cooper Life Sciences*, 34 F.3d 1048, 1052 (Fed. Cir. 1994)). Whether such art anticipates the patent-at-issue is a question of fact. *Id*.

As a preliminary matter, Digi asserts that Lantronix's Motions for Summary Judgment are premature based on the procedural status of the case. Specifically, Digi contends that Lantronix's

motions are untimely because the motions precede the Court's construction of disputed terms and thus the Court does not have an adequate record upon which to decide anticipation. Digi maintains that Lantronix's motions are "a tactical ploy intended to force Digi to make an early disclosure of its claim construction positions." (Plaintiff Digi International, Inc.'s Memorandum of Law in Opposition to Defendant's Motions for Summary Judgment at 18.)

Digi filed its Complaint in this matter on April 13, 2004. An Amended Pretrial Scheduling Order, stipulated to by the parties, was entered by Magistrate Judge Janie S. Mayeron on January 10, 2005. The Amended Pretrial Scheduling Order set a trial ready date of July 1, 2006. The Amended Pretrial Scheduling Order also set a series of deadlines regarding claim construction, disclosures, and dispositive motions. The parties exchanged claim charts on May 18, 2005. A joint claim construction was submitted to the Court on June 2, 2005, detailing 13 claim limitations that are in dispute and require construction. The *Markman* briefing is due to conclude by August 1, 2005. A *Markman* hearing has yet to be scheduled.

Although the Court is unwilling to impart any ill motive on Lantronix for bringing its motions at this stage of the proceedings, the Court agrees with Digi that Lantronix's motions are premature. Central to the determination of the anticipation issue is the claim construction of the terms "single self-contained and autonomous module" and "directly interfacing" in Claim 1 of the '192 Patent. The parties agree that Lantronix's motions cannot be determined without the Court construing what these terms mean in the context of the '192 Patent, in addition to other terms that flow from these concepts. However, this is the extent of the parties' agreement.

Digi asserts that the autonomous module and the direct interface distinguish the '192 Patent from any prior art, including the '177 Patent and the Canon EPA. Lantronix, on the other hand, contends that the ordinary meaning of the claim language is sufficient for the Court to determine that the '192 Patent was anticipated by the '177 Patent and the Canon EPA. Considering the dispute among the parties as to the claim construction of the '192 Patent, and also considering the procedural stage of the litigation, a ruling on the merits of Lantronix's arguments is inappropriate at this time.[2]

For the reasons stated, **IT IS HEREBY ORDERED THAT**:

1. Defendant Lantronix's Motion for Summary Judgment [Doc. No. 37] is **DENIED**; and

2. Defendant Lantronix's Motion for Summary Judgment [Doc. No. 40] is **DENIED**.

Dated:  June 13, 2005          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

---

[2] The Court is willing to reconsider Lantronix's motions once claim construction has taken place, if such arguments are merited based on the Court's construction of the claims at issue.